CV 15     4428     ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GEORGE WRIGHT,

                       Plaintiff,

                                     COMPLAINT

-against-

                                     JURY DEMAND

POLICE OFFICER JAMES TRAPASSO (Shield #
22068; Tax # 947443) and POLICE OFFICER
KENNETH GREENE (Shield # 26490; Tax # 945785),

                       Defendants.

BRODIE, J.

BLOOM, M.J.

-----------------------------------------------------------------x

Plaintiff George Wright, complaining of defendants Police Officer James Trapasso (Shield # 22068; Tax # 947443) and Police Officer Kenneth Greene (Shield # 26490; Tax # 945785), alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331 and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

### THE PARTIES

4. George Wright (hereinafter "plaintiff") is a citizen of the United States, resident in Richmond County, New York State.

5. At all times alleged herein, defendants Police Officer James Trapasso (Tax # 947443) (hereinafter referred to as "defendant Trapasso") and

by the Police Department of the City of New York ("NYPD").

6. At all times alleged herein, the defendant officers were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York.

7. Plaintiff sues all defendants in their individual and official capacities.

## FACTUAL ALLEGATIONS

8. On July 29, 2012, at approximately 09:50 p.m., on York Avenue, close to its intersection with Prospect Avenue, in Staten Island, New York (hereinafter "subject location), the plaintiff, while operating his vehicle (described as a white colored Suzuki Grand Vitara manufactured in 2010) observed in his rear view mirror that the lights from an NYPD marked vehicle were flashing behind him.

9. As such, the plaintiff pulled over and parked, following which the NYPD marked vehicle pulled over and parked behind his vehicle.

10. That after the plaintiff pulled over, he remained in his vehicle, waiting for officers to approach him.

11. That however, officers did not immediately approach the plaintiff, nor issue any commands or instructions, but remained in their vehicle for approximately 8-10 minutes, as the plaintiff sat within his vehicle, waiting for the officers to approach him, or issue instructions.

12. That the plaintiff then rolled down the window(s) of his vehicle as he waited for the officers to approach him.

13. That however, the officers remained in their vehicle, and did not issue any commands or instructions to the plaintiff.

14. That subsequently, curious as to what the officers' intentions were, the plaintiff turned on the interior lights of his vehicle, in order that the officers could observe him fully within said vehicle, with both his hands positioned on the steering wheel.

15. That however, the officers remained in their vehicle, and did not issue any commands or instructions to the plaintiff.

16. That the plaintiff then stuck his arm out of his window, looked behind to the officers, and asked the officers "can I help you with something tonight?"

17. That at that juncture, the defendant officers, who were both in uniform, exited their vehicle, and approached the plaintiff's vehicle at a running pace with their hands on their weapons, shouting "don't get out of the fucking car".

18. That the defendant officers approached the plaintiff's vehicle, with defendant Trapasso arriving at the driver's side of said vehicle, and defendant Greene arriving at the front passenger's side of said vehicle.

19. That when the defendant officers arrived at the plaintiff's vehicle as indicated above, the plaintiff asked them why he had been pulled over, and defendant Trapasso stated "because your fucking headlight is out".

20. That at that juncture the plaintiff, offended at the officer's language, asked why he was being addressed in that manner when all they were alleging was a headlight violation.

21. That defendant Trapasso then asked the plaintiff if he was drunk, and the plaintiff responded that he was not.

22. That defendant Trapasso then asked the plaintiff if he was "high", and the plaintiff responded that he was not.

23. That defendant Trapasso then asked the plaintiff for his driver's license, insurance card and vehicle registration document, which the plaintiff dutifully provided.

24. That after the plaintiff provided the above-referenced documents that defendant Trapasso had requested, the defendant officers returned to their vehicle, as the plaintiff continued to wait in his vehicle.

25. That as the plaintiff was waiting for the defendant officers, he placed a phone call to "411" in order to obtain the number to the 120th precinct, and during said phone call he was connected by the "411" operator to the 120th precinct.

26. That it was the plaintiff's intention at that juncture to file a complaint against the defendant Trapasso for his discourteous words and belligerent attitude.

27. That once connected to the 120th precinct, the plaintiff was waiting for someone to answer the ringing phone, when, approximately five minutes after they had obtained the documents they had requested for, the defendant officers returned to the plaintiff's vehicle.

28. That as the officers arrived at the plaintiff's vehicle, the plaintiff, out of courtesy, discontinued the call that he was placing to the 120th precinct.

29. That when the defendant Officers arrived at the plaintiff's vehicle, Officer Trapasso handed the plaintiff his vehicle documents, following which he flung a Summons that he had written out in the direction of the plaintiff's face and stated "fucking take care of that".

30. That at that juncture the plaintiff asked defendant Trapasso for his identifying information, and defendant Trapasso responded that everything the plaintiff needed to know about him was on the Summons that he (defendant Trapasso) had issued.

31. That the plaintiff then asked defendant Greene for his identifying information, and in response, the defendant Greene pointed to a badge or shield that was on his chest and said "it is right here".

32. However, the plaintiff was unable to obtain defendant Green's Shield number because as he attempted to do so, defendant Greene shone his torch light in the plaintiff's eyes.

33. That as such, the plaintiff asked defendant Greene "why are you being a jerk", and in response the defendant Greene told the plaintiff to "go fuck yourself".

34. That the plaintiff then told the defendant Greene that the NYPD Patrol Guide required him to provide his identifying information upon request, at which point the defendant Greene said "you think you are a smart ass" You better shut the fuck up if you know what is good for you".

35. The defendant Greene then ran round to the plaintiff's vehicle's driver's side door, with his baton in his hand, and instructed the plaintiff to "get the fuck out of the car".

36. That the defendant Greene then opened the driver's door of the plaintiff's vehicle and attempted to strike the plaintiff on his left knee, but missed.

37. That the defendant Greene, without any justification, then "maced" or pepper sprayed the plaintiff as he sat within his vehicle.

38. That the pepper spray connected with the left side of the plaintiff's face, causing excruciating pain.

39. That the plaintiff, in pain, and realizing that the defendant Greene intended to hurt him, screamed out for help.

40. That at the same time, in order to get away from the pepper spray, the plaintiff moved to the front passenger's seat, at which point, without justification, he was violently hit in the back by defendant Greene.

41. That as the plaintiff was trying to get away from the pepper spray, he hit his right knee against the console of his vehicle, twisted his right knee, exacerbating a prior injury to said knee.

42. That the defendant Trapasso did not intervene as the defendant Greene engaged in the above-referenced actions.

43. That after the plaintiff arrived in the front passenger's seat, he was taken out of the vehicle by defendant Trapasso, positioned face forward against his vehicle, instructed to clasp the fingers of both hands behind his head, and searched.

44. That nothing illegal or unlawful was recovered from the plaintiff during the search.

45. That at that juncture the plaintiff requested that defendant Trapasso obtain medical attention for him, in order to ameliorate the effects of the pepper spray that had been unlawfully inflicted upon the plaintiff.

46. That however, defendant Trapasso ignored the plaintiff's requests for medical attention.

47. That after the plaintiff was searched by defendant Trapasso, approximately 5-6 other NYPD vehicles appeared on the scene.

48. That after the other NYPD vehicle appeared on the scene, the plaintiff observed the defendant officers huddle with the arriving officers, following which he was placed in handcuffs, and taken into a police vehicle.

49. That at that juncture, due to the effect of the pepper spray, the plaintiff was in pain and also having trouble breathing.

50. As such the plaintiff requested for medical assistance, but was laughed at by the defendant officers.

51. That the plaintiff was transported to the precinct by two NYPD officers (male and female, Caucasian).

52. That the plaintiff asked said officers for an ambulance, but was told that they could not do so as they were not the arresting officers.

53. That the plaintiff informed the transporting officers that he had been arrested for no reason, to which the transporting officers responded "I guess you won the lottery".

54. That upon arrival at the precinct, the plaintiff was taken out of the vehicle by defendant Greene.

55. That upon observing the defendant Greene, the plaintiff immediately asked him why he had been arrested, and that in response, the defendant Greene laughed and stated "you know what you did".

56. That the defendant Greene then took the plaintiff into the precinct, at which juncture the plaintiff, who was still in pain and having trouble breathing due to the effects of the pepper spray, asked the defendant Greene for an ambulance. However, the defendant Greene again laughed at the plaintiff, and refused to obtain medical assistance for the plaintiff.

57. That the plaintiff was subsequently processed, or otherwise fingerprinted and photographed.

58. That at approximately 04:00 p.m. July 30, 2012, the plaintiff was arraigned before a Richmond County Criminal Court Judge, upon the following charges: Menacing [P.L. 120.15]; Harassment [P.L. 240.26]; Disorderly Conduct [P.L. 240.20(1)]; and Resisting Arrest [P.L. 205.30].

59. That the defendant Greene alleged within the criminal complaint, and other documents that he prepared in connection with the arrest of the plaintiff, such as the "**Omniform System - Complaints**" report, "**Omniform System - Arrest**" report, the "**Online Booking System Arrest Worksheet**", and the "**Prisoner Pedigree Card**" that as he approached the plaintiff's vehicle at the time of the incident, the plaintiff stated to him, "I'm going to fucking get you and your mother", and that when he told the plaintiff to step out of his vehicle, the plaintiff swung a closed fist at defendant Greene's face, and flailed his arms to prevent the defendant Greene from arresting him.

60. That the above-referenced allegations were a blatant lies and a complete fabrication.

61. That the defendant Greene then forwarded the above-referenced arrest paperwork to the Richmond County District Attorney, in furtherance of the prosecution of the plaintiff.

62. That following a bench trial before the Honorable Mario Mattei, on October 16, 2013 the plaintiff was convicted of the offense (violation) of Disorderly Conduct.
63. That the plaintiff is currently appealing said verdict.
64. That the plaintiff incurred substantial attorneys fees in the defense of the criminal action that was instituted against him by defendant Greene.
65. That the plaintiff lost at least thirty days from work, as a result of the criminal action that was instituted against him by defendant Greene.

## CAUSE OF ACTION AGAINST DEFENDANT OFFICER KENNETH GREENE: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

66. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 65 of this complaint as though fully set forth herein.
67. The level of force employed by defendant Greene in arresting the plaintiff was unwarranted, objectively unreasonable, and in violation of the plaintiff's constitutional rights.
68. As a result of the aforementioned conduct of defendant Greene, the plaintiff was subjected to excessive force resulting in physical injury, pain and suffering.
69. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant Greene.

## CAUSE OF ACTION AGAINST DEFENDANT OFFICERS: FAILURE TO PROVIDE MEDICAL ATTENTION UNDER 42 U.S.C § 1983

70. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.
71. That as set forth above, the defendant officers failed to provide medical attention to the plaintiff after the defendant Greene had

deployed pepper spray against him, despite the plaintiff's numerous and persistent requests for medical attention.

72. That as such, the defendant officers were deliberately indifferent to the plaintiff's urgent medical needs and requirements.

73. Consequently, the plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer.

### CAUSE OF ACTION AGAINST DEFENDANT OFFICER KENNETH GREENE: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

74. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75. That the above-referenced statements and representations by defendant Greene, subsequently forwarded to the Richmond County District Attorney ("RCDA"), were complete fabrications, as the plaintiff had not threatened the defendant officer(s) or their mothers.

76. As set forth above, defendant Greene created false evidence against the plaintiff.

77. As set forth above, defendant Greene forwarded the above-referenced false evidence and false information/documentation to the prosecutors in the RCDA's office.

78. As set forth above, defendant Greene was directly involved in the initiation of criminal proceedings against the plaintiff.

79. As set forth above, defendant Greene lacked probable cause to initiate criminal proceedings against the plaintiff.

80. That defendant Greene acted with malice in initiating criminal proceedings against the plaintiff.

81. That defendant Greene was directly involved in the continuation of criminal proceedings against the plaintiff.

82. That defendant Greene lacked probable cause in continuing criminal proceedings against the plaintiff.
83. That defendant Greene acted with malice in continuing criminal proceedings against the plaintiff.
84. That defendant Greene misrepresented and falsified evidence throughout all phases of the criminal proceeding.
85. That defendant Greene misrepresented and falsified evidence to the prosecutors in the RCDA's office.
86. That defendant Greene withheld exculpatory evidence from the prosecutors in the RCDA's office.
87. That defendant Greene did not make a complete statement of facts to the prosecutors in the RCDA's office.
88. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, defendant Greene violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.
89. As a consequence of defendant Greene's actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated.

As such, the plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against defendant Greene.

CAUSE OF ACTION AGAINST DEFENDANT TRAPASSO: FAILURE TO INTERVENE PURSUANT TO 42 U.S.C § 1983

90. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91. Defendant Trapasso had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights by defendant Green, as more fully set forth above.

92. Defendant Trapasso failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights by defendant Greene, despite having had a realistic and reasonable opportunity to do so.

93. As a consequence of defendant Trapasso's actions, plaintiff suffered loss of liberty, physical injury, humiliation, mental anguish, depression, and his constitutional rights were violated.

94. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant Trapasso.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against each defendant in an amount to be proven at trial;
2. For exemplary and punitive damages against each defendant in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
July 29, 2015  GIW

George Wright
Plaintiff
255 Franklin Avenue
Staten Island, New York 10301
718-442-4055

TO:

Police Officer James Trapasso (Shield # 22068; Tax # 947443)
120th Police Precinct
78 Richmond Terrace

Staten Island, NY 10301

Police Officer Kenneth Greene (Shield # 26490; Tax # 945785)
121st Police Precinct
970 Richmond Ave
Staten Island, NY 10314