UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

GEORGE WRIGHT,

                         Plaintiff,                    **ORDER**
                                                            15-CV-4428 (MKB)

                            v.

POLICE OFFICER KENNETH GREENE,

                         Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       The parties' in limine motions, (Pl. Mot. in Lim., Docket Entry No. 57; Def. Mot. in Lim., Docket Entry No. 58), are disposed of as follows:

1. Defendant's motion to preclude the testimony of Plaintiff's spouse as unnecessary is denied. Plaintiff's spouse can testify about her observations in support of Plaintiff's claimed emotional damages. Defendant can renew his motion and argue that the testimony is cumulative at trial.

2. Defendant's motion to estop Plaintiff from relitigating whether he engaged in violent, tumultuous, or threatening behavior on July 29, 2012 is denied for the reasons stated in the Court's Memorandum and Order dated September 28, 2018 (the "September Order"). (*See* Sept. Order 13 n.11, Docket Entry No. 43.)

3. The Court reserves decision as to Defendant's motion to dismiss Plaintiff's fabrication of evidence claim and schedules oral argument for November 26, 2019 at 11:00 AM. While the Court is persuaded that Plaintiff must establish favorable termination as an element of his fabrication of evidence claim, because Plaintiff was acquitted of two of

the three charges in the underlying criminal action, it is far from clear that Plaintiff cannot establish favorable termination.

4. Defendant's motion to preclude Plaintiff from introducing evidence about his criminal attorney's fees is denied. Plaintiff can testify about fees incurred in defending the criminal proceeding.

5. Defendant's motion to preclude Plaintiff from introducing evidence of his lost wages is denied without prejudice to renew after the Court has ruled on Defendant's motion to dismiss the fabrication of evidence claim.

6. Defendant's motion to preclude Plaintiff from introducing the results of the pepper spray testing is granted without opposition.

7. Defendant's motion to preclude Plaintiff from introducing his T-Mobile bill to show that he called 411 at the time of his interaction with Defendant is denied.

8. Defendant's motion to preclude evidence or testimony about Defendant's prior or subsequent disciplinary records and lawsuits is granted. The Court separately addresses below Plaintiff's motion to admit evidence of Defendant's prior bad acts.

9. Defendant's motion to preclude Plaintiff from offering evidence that the Civilian Complaint Review Board ("CCRB") sanctioned Defendant for failing to notify Emergency Medical Services ("EMS") is granted, as the Court previously dismissed Plaintiff's denial of medical treatment claim. Defendant's motion to otherwise preclude

Plaintiff from referencing the CCRB, the Internal Affairs Bureau, and any investigation they conducted is granted without opposition.

10. Defendant's motion to preclude Plaintiff from mentioning the New York City Police Department ("NYPD") Patrol Guide (the "Patrol Guide") or NYPD procedures is denied.

11. Defendant's motion to preclude Plaintiff from mentioning or offering evidence regarding the potential indemnification of Defendant by the City of New York is denied as moot. Plaintiff has stated that he does not intend to offer this type of evidence.

12. Defendant's motion to prohibit Plaintiff from referring to defense counsel as City attorneys is granted without opposition.

13. The Court reserves decision until trial on Defendant's motion to preclude Plaintiff from suggesting to the jury a specific dollar amount regarding Plaintiff's alleged pain and emotional distress damages.

14. The Court denies Plaintiff's motion to admit evidence of Defendant's prior bad acts to show modus operandi. Plaintiff has not submitted sufficient information to establish that the prior acts he seeks to introduce are sufficiently similar to the conduct alleged in this case.

15. The Court understands Plaintiff's second request in his in limine motion to be seeking admission of the Patrol Guide provision regarding procedures where an officer uses pepper spray, in order to argue that Defendant's conduct was to "maliciously cause harm" to Plaintiff. As stated above, the Court denies Defendant's motion to preclude

Plaintiff from mentioning the Patrol Guide.  However, as to Plaintiff's specific use of the Patrol Guide, the Court reserves decision and will hear oral argument on this issue.

Dated: November 14, 2019
       Brooklyn, New York

                      SO ORDERED:

                          s/ MKB
                      MARGO K. BRODIE
                      United States District Judge